UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERNIE AHMAD,

          Plaintiff,          Case Number 08-10454-BC
                                          Honorable Thomas L. Ludington

v.

KMART, SEARS,

          Defendants.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT WITH PREJUDICE

This matter is before the Court on a report issued by Magistrate Judge Charles E. Binder on October 2, 2008. The magistrate judge recommended granting Defendant's motion for summary judgment because Plaintiff did not advance a prima facie case of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* On October 8, 2008, Plaintiff timely filed objections to the magistrate judge's report and recommendation. On October 16, 2008, Defendant filed a response.

The Court has reviewed the report and recommendation, and agrees with the magistrate judge that Plaintiff has not advanced a prima facie case of discrimination under Title VII. Accordingly, the Court will overrule Plaintiff's objections, adopt the magistrate judge's report and recommendation, grant Defendant's motion for summary judgment, and dismiss Plaintiff's complaint with prejudice.

I

The relevant facts are as follows[1]:

Plaintiff Ernie Ahmad, a black male, worked for Defendant as a "stocker" in its Kmart store in Saginaw, Michigan, from November 25, 2006, until his termination on April 15, 2007. Defendant's employment policy provided that it would not hire persons who have been convicted of violent crimes or theft crimes in the past seven years. As a result of Plaintiff's domestic violence conviction in 2003, Defendant originally designated Plaintiff a "no hire." Defendant asserts that a miscommunication led to Plaintiff being erroneously hired. This error came to light in March 2006. As a result, Defendant initiated an investigation into the circumstances of Plaintiff's past conviction and asked Plaintiff to submit a statement of his version of the events and a copy of the police report. Defendant states that Plaintiff's Supervisor, Thomas Carlson, made it clear to Plaintiff that continued employment depended on submission of the required documents. Since Plaintiff submitted only his version of the events and did not submit the police report, Defendant suspended Plaintiff with pay pending an investigation. Defendant alleges that despite being requested to do so, Plaintiff "either failed or refused to provide a copy of the police report" and was therefore "terminated based on his failure to comply with Defendant's internal procedures."

In his objections, Plaintiff disputes this characterization of the facts. Plaintiff states that there was no "miscommunication," and that he stated his "status" on his job application. Plaintiff also objects that Defendant terminated his employment based on the results of the background check, not on his failure to comply with the investigation. Plaintiff contends that Defendant gave him the

---

[1] To the extent that Plaintiff did not object to the magistrate judge's statement of the facts, those facts are incorporated in the following section.

option of submitting a "statement 'or' any documentation on the incident," as evidenced in an e-mail from Sharon Bacon to Thomas Carlson. Plaintiff further contends that he complied with Defendant's request by submitting a statement that inquired about requesting a police report but that he "did not have enough time to retrieve the information," and that, "even if [he] would have retrieved the report they would have discharged [him] anyway [because] they knew the time frame they gave [him] was not enough time . . . ."

Defendant agrees that even if it had received the police report on time, the fact that the Plaintiff's statements contradict those made by the victim and due to the "violent nature of the crime, there is no question that Defendant would have terminated Plaintiff regardless." Defendant further explains that "there were no mitigating factors in Plaintiff's domestic violation conviction that would have permitted his continued employment" in light of Defendant's policy not to employ violent offenders absent mitigating circumstances. The magistrate judge noted Plaintiff's disagreement with the statements contained in the police report.[2]

Plaintiff alleges that Defendant treated him differently from at least one similarly-situated white woman, M.M., who also had a misdemeanor conviction, but whose employment Defendant

---

[2] According to Plaintiff, he disagrees with the police report because: "[I]n the report the witness stated that I hit my daughter with 2 hands to the face [and] slammed my daughter and then with my fist hit her several times. My daughter stated I slammed her and hit her several times, not 2 right hands then slammed her and hit her several times to the face."

Plaintiff further disagrees with the report because: "[I]t states that I hit my daughter with my fist closed handed several times yet there was no swelling of the face[,] no blood from the nose [and] no black eye. It states that I kneeled upon her chest[;] yes, my daughter had me by the testicles [so] I had no choice and if the courts would retrieve the actual court transcripts from this trial you will find that in the beginning the witness did not know what was going on[.] [I]t appeared as though I punched my daughter, [but] I was keeping her from attacking me and my daughter admits that her story was untrue."

The portion of the story that Plaintiff points to as untrue was his daughter's statement that Plaintiff broke her tooth in the scuffle when she actually broke her tooth two years prior to Plaintiff taking custody over her.

did not terminate. M.M. admitted to having a misdemeanor conviction for "lying to the police for filing a false police report . . . in late 2005 or early 2006 [and that Defendant] never asked her for verification of her arrest or conviction." Defendant contends that it was "unaware of any criminal convictions in [M.M.'s] past" because she did not disclose any conviction on her job application and that searches "conducted in November of 2006, prior to Plaintiff's discharge, showed no criminal activity."

Plaintiff asserts that Defendant treated him differently from M.M. on account of his race or "color." Plaintiff contends that Mrs. Bacon's statement in her e-mail to Mr. Carlson that she "[was] surprised that [the police report] listed [the conviction] as domestic violence and not child abuse" was "a racial statement at my race because she knows that child abuse is a felony and even though blacks are a small part of the nation we make up the greater part of felony charges, yet all blacks are not criminals[;] she is not a judge to make a statement as such."

II

The magistrate judge correctly stated that the elements of a prima facie case under Title VII are: (1) plaintiff is a member of a protected class, (2) he was subject to an adverse employment action, (3) he was qualified for the position at issue, and (4) he was replaced by someone outside of the protected class or a similarly-situated person outside of the protected class was treated more favorably. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006); *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 728 (6th Cir. 2004). The magistrate judge concluded that Plaintiff cannot prove that he was treated differently than a similarly-situated person outside of his protected class. The magistrate judge found that Plaintiff and M.M. were differently situated because Defendant was not aware of M.M.'s criminal conviction.

The Court agrees with the magistrate judge's analysis, and Plaintiff's objections do not undermine the analysis. As noted above, Plaintiff objected that there was no "miscommunication on his hire," that Plaintiff disclosed his "status" on his job application, and that Defendant terminated him based on the background check, rather than based on his failure to comply with the investigation. Even if Plaintiff's assertions are correct, they have no effect on the analysis. Defendant stated that it would have terminated him either way. Accordingly, the Court will overrule those objections.

Plaintiff's objection that "the Department of Civil Rights investigation is a valid investigation the witness had no reason to lie she had nothing to lose," arguably refers to M.M.'s witness statement taking during the Michigan Department of Civil Rights investigation, in which M.M. asserted that Defendant knew of her conviction. However, the magistrate judge found that even if Defendant had been aware of M.M.'s conviction, Plaintiff could not validly be compared to M.M. because of the differences in their underlying convictions. The Court agrees with the magistrate judge's analysis, and will overrule Plaintiff's objection.

Plaintiff also made the following objection: "The two supervisors that interviewed also interviewed the other associates, we all had the orientation at the same time. I did comply with what they asked for me to do." Whether Plaintiff had the same supervisor as any other of Defendant's employees, including M.M., is immaterial to the analysis. Accordingly, this objection will be overruled.

III

Accordingly, it is **ORDERED** that Plaintiff's objections [Dkt # 18] are **OVERRULED**, the magistrate judge's report and recommendation [Dkt # 17] is **ADOPTED**, Defendant's motion for

summary judgment [Dkt # 12] is **GRANTED**, and Plaintiff's complaint [Dkt # 1] is **DISMISSED WITH PREJUDICE**.

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: October 21, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 21, 2008.

                                    s/Tracy A. Jacobs
                                      TRACY A. JACOBS